UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HENRY ULICE GUTIERREZ GIRON,<br><br>         Petitioner,<br><br>-against-<br><br>KENNETH GENALO, *NYC Director, Enforcement & Removal Operations, U.S. Immigration and Customs Enforcement*; TODD LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*; KRISTI NOEM, *Secretary of the U.S. Department of Homeland Security*; and PAMELA BONDI, *Attorney General of the United States*,<br><br>         Respondents. | Case No. 1:26-cv-00534 (JLR)<br><br>**<u>MEMORANDUM OPINION AND ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

  Petitioner Henry Ulice Gutierrez Giron ("Gutierrez Giron" or "Petitioner") petitions, through counsel, for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of his detention by U.S. Immigration and Customs Enforcement ("ICE") agents and seeking, *inter alia*, his release from ICE custody. *See generally* Dkt. 1 ("Petition" or "Pet."). For the reasons stated below, his Petition is GRANTED.

## BACKGROUND

  Gutierrez Giron is a citizen of Guatemala who first entered the United States sometime before 2009. *See* Dkt. 6-1 at 1, 3. He voluntarily departed in February 2011. *Id.* at 2. Later, in 2013, Gutierrez Giron reentered the country. *Id.* He was arrested shortly thereafter on or about March 19, 2013, detained, and removed. *Id.*; Dkt. 6 ("Letter") at 2. Not long after that, Gutierrez Giron entered the United States once again. *See* Pet. at 4. He has been residing in the

country for the past twelve years, during which he has maintained a clean criminal record. *Id.*[1] On January 13, 2026, ICE officers approached Gutierrez Giron while he was standing outside of a Mexican restaurant. *Id.* at 1, 5. Through questioning and a subsequent record check, officers determined that Gutierrez Giron did not have lawful status in the United States. *Id.* at 5; Letter at 2. They arrested him. Letter at 2. During processing, Gutierrez Giron received a Notice to Appear, charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled, and under § 1182(a)(7)(A)(i)(I), as a noncitizen present without valid entry documents. *Id.*; *see also* Dkt. 6-2 ("NTA"). ICE has since initiated removal proceedings against him, and asserts that his detention is pursuant to 8 U.S.C. § 1225(b)(2)(A). Letter at 2.

Gutierrez Giron filed his Petition on January 21, 2026, approximately one week after he was taken into immigration custody at the Metropolitan Detention Center in Brooklyn, New York. *See generally* Pet.; Letter at 1. He seeks an order compelling his immediate release. Pet. at 15. Upon receipt of Gutierrez Giron's Petition, the Court directed Respondents to clarify "whether there is any basis to distinguish this case from *Villegas ex rel. Guzman Andujar v. Francis*, No. 1:25- cv-09199 (JLR), 2025 WL 3215597 (S.D.N.Y. Nov. 18, 2025)," a prior decision of this Court regarding mandatory detention. Dkt. 4 at 1. Respondents timely submitted a letter response conceding that "[t]he instant case is not materially distinguishable from the facts and legal issues presented in the Court's decision in *Andujar v. Francis*." Letter at 2. The Government reserved its right to appeal, but otherwise stated that the Court could "decide this matter without further briefing." *Id.* In light of Respondents' concession, the February 3, 2026 hearing is canceled and Gutierrez Giron's Petition is GRANTED.

---

[1] Prior to his most recent entry, Gutierrez Giron was convicted in 2010 for driving while intoxicated on two occasions. Dkt. 6-1 at 3.

## DISCUSSION

This Court decided the legal issues raised here in *Guzman Andujar v. Francis*, No. 25-cv-09199 (JLR), 2025 WL 3215597 (S.D.N.Y. Nov. 18, 2025). Respondents agree that "the facts in this case are not materially distinguishable from those in *Andjuar*," and "acknowledge[] that the *Andujar* decision would control the result in this case if the Court adheres to its prior decision." Letter at 2. The Court does so and finds that Gutierrez Giron was not subject to mandatory detention as a noncitizen "seeking admission" to the country under 8 U.S.C. § 1225(b)(2)(A), but rather may be subject only to detention on a discretionary basis pursuant to 8 U.S.C. § 1226(a). *See Guzman Andujar*, 2025 WL 3215597, at *2-4; *see also Tumba Huamani v. Francis*, No. 25-cv-08110 (LJL), 2025 WL 3079014, at *2-6 (S.D.N.Y. Nov. 4, 2025).[2]

As in *Guzman Andujar*, "there is no record evidence that any kind of individualized determination [of flight risk or dangerousness] was made as to" Gutierrez Giron. *Guzman Andujar*, 2025 WL 3215597, at *7. For the same reasons, the Court holds that Gutierrez Giron's January 13, 2026 arrest and detention violated his due process rights. *See id.* at *6-7. He is therefore entitled to immediate relief, and his Petition is granted. *See id.* at *8.

---

[2] From the record before the Court, it appears that — unlike Guzman Andujar — Petitioner last entered the United States undetected. *Compare* Letter at 2 ("At a later unknown date and place, Petitioner unlawfully reentered the United States; he was not apprehended at the border."), *with Guzman Andujar*, 2025 WL 3215597, at *1 (noting that Guzman Andujar "was arrested shortly after entry" and "released on his own recognizance . . . pursuant to 8 U.S.C. § 1226(a)"). While the Government does not argue that that factual distinction compels a different outcome here (*i.e.*, an outcome other than immediate release), the Government has made such an argument in other cases in this District. *See, e.g.*, *Campos v. DeLeon*, No. 25-cv-10099 (LJL), 2025 WL 3514120, at *1 (S.D.N.Y. Dec. 8, 2025) (discussing the Government's argument that a bond hearing is the appropriate remedy when the petitioner was not previously encountered by ICE). As in *Campos*, the Court rejects such narrowing of its prior holding. *Id.* at 2 (holding the same and collecting cases).

## CONCLUSION

The petition for a writ of habeas corpus is GRANTED.  Respondents are ORDERED to release Gutierrez Giron from custody by **January 26, 2026, at 5 p.m.** and certify compliance with the Court's order by filing an entry on the docket no later than **January 27, 2026, at 12 p.m.**

Dated: January 26, 2026
       New York, New York

                                              SO ORDERED.

                                              _____
                                              JENNIFER L. ROCHON
                                              United States District Judge